UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRYSTAL BROWN, a.k.a. :
CRYSTAL ROBINSON,[1] :
       Plaintiff, :
  v. : CA 10-87 ML
   :
CHARU TANEJA, M.D., :
       Defendant. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    On February 26, 2010, this Magistrate Judge issued an order denying without prejudice the application to proceed without prepayment of fees filed by Plaintiff Crystal Brown ("Plaintiff" or "Ms. Brown").  See Order Denying without Prejudice Application to Proceed without Prepayment of Fees (Document ("Doc.") #3) ("Order of 2/26/10"); see also Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application").  In that order the Court noted that it was "uncertain whether it has jurisdiction over [Plaintiff's] claim."[2]  See Order of 2/26/10 at

---

[1] Plaintiff identifies herself in the Complaint as "Crystal Brown."  Complaint at 1-2.  However, in her Application to Proceed without Prepayment of Fees and Affidavit ("Application"), Plaintiff identifies herself as Crystal Robinson.  See Application at 1-2.

[2] The reason for the uncertainty was that:

    Ms. Brown alleges that Defendant Charu Taneja, M.D. ("Defendant" or "Dr. Taneja"), operated on her at Roger Williams Hospital on April 19, 2004, that Dr. Taneja was negligent, and that Ms. Brown suffered serious injuries as a

1. Accordingly, the Court denied the Application without prejudice and directed Plaintiff to file an Amended Complaint which stated the basis for this Court's jurisdiction as required by Federal Rule of Civil Procedure 8(a) and which also included a demand for relief. See id. at 1, 3. Plaintiff was given until March 19, 2010, to file her Amended Complaint. See id. at 3. Plaintiff was warned that if she failed to file an Amended Complaint which contained this information by that date, this Magistrate Judge would issue a Report and Recommendation recommending that the Application be denied and that the Complaint be dismissed. See id.

Plaintiff has not filed an Amended Complaint or any other pleading in this matter. See Docket. Accordingly, the Court recommends that the Application be denied and that the Complaint be dismissed because of Plaintiff's failure to comply with the Order of 2/26/10.

---

    result. See Complaint. However, Ms. Brown is a Rhode Island resident, and there is nothing in her Complaint which indicates that Dr. Taneja is a resident of a different state. To the contrary, the allegations of the Complaint suggest that Dr. Taneja is a resident of Rhode Island. If so, diversity jurisdiction does not exist, and no other basis for the Court to exercise jurisdiction over Ms. Brown's claim is apparent from the Complaint.

Order of 2/26/10 at 1-2. The Court also noted in the Order of 2/26/10 that "the statute of limitations for medical malpractice tort claims is three years from the time of the occurrence." Id. (quoting State v. Medical Malpractice Joint Underwriting Association, 941 A.2d 219, 221 (R.I. 2008)). While there may be an exception to the statute on rare occasions, see id. at 2 n.2 (identifying exceptions), Plaintiff has provided nothing which would suggest that any of the exceptions identified are applicable.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 7, 2010